**NOT FOR PUBLICATION**

OCT 7 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL O. DeVAUGHN, | No. 13-15412 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00385-LJO-DLB |
| v. | |
| NORTH KERN STATE PRISON; D. MARTIN, counselor, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

California state prisoner Michael O. DeVaughn appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations arising from his removal to California to stand trial on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

criminal charges. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed DeVaughn's claim that defendants violated his constitutional rights in the processing and handling of his prison grievances because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

To the extent that DeVaughn brought claims challenging the fact and duration of his confinement, those claims were properly dismissed. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying DeVaughn's motion to alter or amend judgment because DeVaughn failed to establish clear error or other grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

13-15412

We reject as without merit DeVaughn's contention that he is entitled as a matter of law to injunctive relief under 18 U.S.C. § 3626.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**